{¶ 51} While I concur generally with the majority in affirming Douglas' convictions, I would find that the State failed to prove the additional element in Count One that the offense was committed in the vicinity of a juvenile. It is undisputed that a child was passing by when Amanda left Sheree's house. The State has argued that the offense of aiding and abetting trafficking in cocaine was not complete until Amanda actually left the house, and at that point a child was "in the vicinity." However, the drugs were obtained at a different location. It was apparently undisputed that Amanda and Sheree divided the cocaine after returning to Sheree's house. Finally, the State argues that Douglas advised Amanda on the preparation of crack prior to her departure from Sheree's house.
 {¶ 52} It is arguable that the act of trafficking was completed at the other location. Douglas' participation was limited to making contact with the person at *Page 24 
the other location and possibly allowing his vehicle to be used in going to that location to complete the purchase. At the latest, the act of trafficking was complete upon division of the spoils between Sheree and Amanda. The discussion of how to prepare crack was subsequent to the transaction and not, by itself, illegal. The transaction having been completed well prior to Amanda's departure from the residence, the passing by of a child is immaterial and cannot be used to enhance the degree of the offense. Had Sheree invited Amanda to stay for dinner, would the State argue that the transaction was ongoing until she left after the meal? I would reverse on this one element and remand Count One for resentencing accordingly.
 {¶ 53} I also feel a comment is appropriate as to the third assignment of error, which argues that it was error to deny a defense motion for mistrial. While I would find that the error is harmless in this particular case, it is clear that the prosecution was pushing the envelope in order to obtain testimony that would unfairly prejudice the jury against Douglas.
 {¶ 54} The questions as to the extensive prior contacts with Douglas were excessive. Most damaging, however, was the inquiry and response as to street names. Many people have nicknames, even if merely shortened versions of their full name. For example: Peggy for Margaret, Nick for Nicholas, Sonny or Junior for a son, and Missy for a daughter. To explain that Papa referred to Jerome Douglas was sufficient to identify him. However, to ask why people have street *Page 25 
names, as the prosecutor did in this case, is to invite the exact response that was given; "[e]very drug dealer in town has got . . .". There is no arguable excuse for inviting such obvious and prejudicial error. If the evidence in this case had been less substantial such an error could have gone from harmless to reversible. A properly granted mistrial based on prosecutorial misconduct would have denied the State the ability to retry Douglas. *Page 1